NO. 25-1313

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PACITO, et al.,

          Plaintiffs-Appellees,

v.

DONALD J. TRUMP, et al.,

          Defendants-Appellants.

On Appeal from the U.S. District Court for the Western District of Washington
No. 25-cv-255-JNW
The Honorable Jamal N. Whitehead

**MOTION FOR LEAVE TO FILE AMICUS BRIEF OF THE STATE OF WASHINGTON, COMMONWEALTH OF MASSACHUSETTS, AND STATES OF ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAI'I, ILLINOIS, MAINE, MARYLAND, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW YORK, OREGON, RHODE ISLAND, VERMONT, AND WISCONSIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR STAY PENDING APPEAL**

NICHOLAS W. BROWN
  *Attorney General*
  *State of Washington*

EMMA GRUNBERG, WSBA 54659
KELLY A. PARADIS, WSBA 47175
CRISTINA SEPE, WSBA 53609
  *Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
206-389-3105
Emma.Grunberg@atg.wa.gov
Kelly.Paradis@atg.wa.gov
Cristina.Sepe@atg.wa.gov

ANDREA JOY CAMPBELL
  *Attorney General*
  *Commonwealth of Massachusetts*

TASHA J. BAHAL
  *Deputy Solicitor General*
ELIZABETH D. MATOS
  *Chief, Civil Rights Division*
BRETT M. GANNON
HANNAH C. VAIL
  *Assistant Attorneys General*
1 Ashburton Pl.
Boston, MA 02108
617-963-2066
Tasha.Bahal@mass.gov

## I. INTRODUCTION AND INTEREST OF PROPOSED AMICI

The State of Washington, the Commonwealth of Massachusetts, and the States of Arizona, California, Colorado, Connecticut, Delaware, Hawaiʻi, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New York, Rhode Island, Vermont, and Wisconsin respectfully request leave to file the attached amicus curiae brief in support of Plaintiffs' Opposition to Defendants' Emergency Motion for Stay Pending Appeal.[1] Proposed Amici States collectively welcomed nearly half—46.2 percent—of the total refugees entering the United States in fiscal year 2024, and include five of the top ten refugee-receiving states.[2] The States are also key players in the refugee resettlement infrastructure. Proposed Amici States have an interest in ensuring their voices are heard when the Court considers whether to stay an injunction of federal action that largely relies on purported State interests as its justification.

---

[1] Proposed Amici States obtained consent of all parties to the filing of the brief (*see* Circuit Rule 29-3); this Court informed Proposed Amici States that at this stage of the case, a motion for leave is necessary.

[2] *Refugee Arrivals by State and Nationality Fiscal Year 2024*, Refugee Processing Center (Nov. 13, 2024), https://www.wrapsnet.org/documents/ FY%202024%20Arrivals%20by%20State%20and%20Nationality%20as%20of %2030%20Oct%202024_updated.pdf (data from U.S. Department of State Bureau of Population, Refugees and Migration); *Proposed Refugee Admissions for Fiscal Year 2025, Report to the Congress*, U.S. Dep't of State, 54, https://2021-2025.state.gov/wp-content/uploads/2024/10/Report-Proposed-Refugee-Admissions-for-FY25.pdf.

1

Proposed Amici States seek to submit the attached brief to make two points relevant to the stay motion. First, reinstating the indefinite suspension of federal funding for agencies resettling refugees already in this country would not only harm the organizational Plaintiffs, it would also be detrimental to the States' interests and the public interest. While the challenged Executive Order gestures to the importance of integration (Exec. Order No. 14163, 90 Fed. Reg. 8459 (Jan. 20, 2025), § 1), the funding suspension removed resources from the agencies statutorily required to integrate refugees *already present* in the United States in their first 90 days after entry. *See* 8 U.S.C. § 1522(b)(7)(D). These agencies' roles include securing housing and food and connecting refugees to programs run by the States, such as medical screening, health insurance enrollment, English classes, employment search services, and more. Resettlement agencies are essential partners to the States in ensuring refugees are socially and economically successful. Cutting off federal funding is detrimental to the States' interests and the public interest because it places refugees currently within our borders at risk of social isolation, poverty, and other harms. These are precisely the harms Congress sought to mitigate when it created the resettlement infrastructure to promote successful integration and self-

2

sufficiency for new arrivals. *See* 8 U.S.C. § 1521; 8 U.S.C. § 1522(a)(1); 45 C.F.R. § 400.1(b).

Second, in indefinitely suspending all refugee admissions, the Executive Order misrepresents the circumstances in Proposed Amici States. The Order relies on Section 212(f) of the Immigration and Nationality Act, which requires finding that entry of a particular class of aliens would be "detrimental" to the national interest. 8 U.S.C. § 1182(f); *see* Exec. Order No. 14163, § 3. In making this finding, the Order improperly relies on states of emergencies declared by Proposed Amici States Massachusetts and New York that do not relate to refugees admitted via the U.S. Refugee Admissions Program—the only relevant population here. As the district court found, the actual text, purpose, and context of the States' emergency orders is "[p]articularly striking" because it "undermines a central premise of the [Order] and highlights the disconnect between the Government's stated justifications and its sweeping actions." Addendum at 391. Similarly, although the Order purports to "grant[]" States a role in the refugee placement process (Exec. Order No. 14163, §§ 2, 3(d)), it ignores that States are already guaranteed that role before placement occurs, taking into account the availability of resources in the area and the likelihood of refugees in the area becoming self-sufficient. 8 U.S.C. § 1522(a)(2)(A)-(C).

3

Proposed Amici States have already participated in this process and prepared for the placement of refugees in our States whose entry was suspended by the Order.

## II. ARGUMENT

This Court should grant leave for Proposed Amici States to file an amicus brief in support of Plaintiffs' Opposition to Defendants' Emergency Motion to Stay Pending Appeal. The district court cited the States' amicus brief filed below (without objection from the parties) in its order. *See* Addendum at 391. Defendants' Motion to Stay, if successful, would reinstate the suspension of all refugee entry, application processing, and funding for refugee agencies. The States are key players in refugee placement and resettlement, and the challenged federal actions rely heavily on purported circumstances in our States for their claimed rationale. Proposed Amici States—who together resettle nearly half of all refugees in the United States—offer a unique perspective and seek to provide this Court with their position on the circumstances cited in the Executive Order and the harms the challenged actions inflicted on the States and the public interest.

An amicus curiae's role is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694

4

F.2d 203, 204 (9th Cir. 1982). An amicus brief "should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

      This case indisputably involves issues of significant public interest, and Proposed Amici States would provide unique information and perspective to assist the Court. In particular, the Stay Motion currently before the Court involves consideration of the likelihood of success on the merits and the balance of equities, including the public interest. It would, if successful, reinstate the challenged federal actions enjoined by the district court. The Court should exercise its discretion and allow Proposed Amici States to file the attached amicus brief.

## III.    CONCLUSION

Proposed Amici States respectfully request that this Court grant leave for Amici States to submit the attached proposed amicus brief.

RESPECTFULLY SUBMITTED this 18th day of March 2025.

| | |
|---|---|
| NICHOLAS W. BROWN<br>*Attorney General*<br>*State of Washington* | ANDREA JOY CAMPBELL<br>*Attorney General*<br>*Commonwealth of Massachusetts* |
| *s/ Emma Grunberg*<br>EMMA GRUNBERG, WSBA 54659<br>KELLY A. PARADIS, WSBA 47175<br>CRISTINA SEPE, WSBA 53609<br>  *Deputy Solicitors General*<br>1125 Washington Street SE<br>PO Box 40100<br>Olympia, WA 98504-0100<br>206-389-3105<br>Emma.Grunberg@atg.wa.gov<br>Kelly.Paradis@atg.wa.gov<br>Cristina.Sepe@atg.wa.gov | TASHA J. BAHAL<br>*Deputy Solicitor General*<br>ELIZABETH D. MATOS<br>*Chief, Civil Rights Division*<br>BRETT M. GANNON<br>HANNAH C. VAIL<br>*Assistant Attorneys General*<br>1 Ashburton Pl.<br>Boston, MA 02108<br>617-963-2066<br>Tasha.Bahal@mass.gov<br>Hannah.Vail@mass.gov |

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, the attached brief is proportionately spaced, has a typeface of 14 points or more, and contains 1,022 words.

*s/ Emma Grunberg*
EMMA GRUNBERG, WSBA 54659
  *Deputy Solicitor General*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion for Leave to File Brief of *Amici Curiae* State of Washington, Commonwealth of Massachusetts, et al., in Support of Plaintiffs-Appellees' Opposition to Emergency Motion to Stay to be electronically filed with the Clerk of the Court using the Ninth Circuit e-filer portal (ACMS), which will send notification of such filing to all counsel/parties of record.

DATED this 18th day of March 2025, at Seattle, Washington.

> *s/ Emma Grunberg*
> EMMA GRUNBERG, WSBA 54659
> *Deputy Solicitor General*

8