**Nos. 25-1313, 25-1939**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**PACITO, et al.**,

                Plaintiffs-Appellees,

v.

**DONALD J. TRUMP, et al.**,

                Defendants-Appellants.

On Appeal from the United States District Court
for the Western District of Washington
District Court Case No. 2:25-cv-255

**MOTION FOR CLARIFICATION OF ORDER GRANTING A STAY, OR, IN THE ALTERNATIVE, RECONSIDERATION UNDER CIRCUIT RULE 27-10**

YAAKOV M. ROTH
   *Acting Assistant Attorney General*
DREW C. ENSIGN
   *Deputy Assistant Attorney General*
ERNESTO H. MOLINA, JR.
   *Deputy Director*
JOSEPH MCCARTER
ALEXANDRA YEATTS
LINDSAY ZIMLIKI
   *Trial Attorneys*

1

## **INTRODUCTION**

This motion arises from an interpretive dispute about this Court's March 25, 2025 order granting a stay pending appeal. That order provided that the government's motion for a stay pending appeal was "denied to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status by the United States Citizenship and Immigration Services before January 20, 2025," because the Executive Order in question "d[id] not purport to revoke the refugee status of individuals who received that status under the United States Refugee Admissions Program prior to January 20, 2025." Order at 1. This Court then provided that "*[i]n all other respects*, the district court's February 28, 2025 preliminary injunction order is stayed." *Id.* at 2 (emphasis added).

The government's reading of this Court's order is as simple as it is unassailable: "all other respects" means "all other respects"—*i.e.*, except for the one carve out that this Court identified, *all* other aspects of the appealed preliminary injunction order were stayed. As a matter of both law and language, "all" means "all" and not "some."

Remarkably, Plaintiffs took a different position. In their view, this Court's stay order only stayed the district court's injunction with respect to "the President's power to impose entry restrictions under 8 U.S.C. § 1182(f)" and not the funding issues that were also part of the district court's first injunction. Dkt. Nos. 92 at 4.

2

Plaintiffs contended that was so because this Court "ma[de] no comment about the APA issues also at the heart of the case." *Id.* Plaintiffs added that this Court's stay order did not reach any funding issues because the "stay order neither analyzed nor even mentioned Plaintiffs' Administrative Procedure Act ('APA') challenge to Defendants' suspension of USRAP funding from January 24 through February 26." Dkt. No. 87 at 3.

The upshot is that, in Plaintiffs' view, "all other respects" does not actually mean "all other respects," but rather "only those other respects that this Court specifically addressed." Even more remarkably, the district court *accepted* Plaintiffs "all"-means-"some" argument, reasoning that this Court's "order only addresses the President's power to impose entry restrictions under 8 U.S.C. § 1182(f) and makes no comment about the APA issue also at the heart of this case" and therefore "explicitly keep[s] in place portions of the February 25 injunction." Dkt. No. 92 at 4.

Given that this Court is in the best position to know what it meant when it stayed the district court's injunction "in all other respects," the government respectfully seek clarification from this Court that "all" means "all." In the alternative, if Plaintiffs are correct that "all" actually meant some other more limited subset of the injunction's terms, the government respectfully asks this Court to

3

reconsider that determination under Circuit Rule 27-10 for all of the reasons explained in the prior stay briefing.

## BACKGROUND

Plaintiffs filed their motion for a preliminary injunction on February 11, 2025, seeking an injunction of Executive Order 14163, which suspended refugee admissions and decisions, the Defendant agencies' implementation of the Executive Order, and the Defendant agencies' suspension of funding related to the United States Refugee Admissions Program. Dkt. No 14. On February 25, 2025, the district court orally issued a nationwide injunction from the bench, enjoining the implementation of Sections 3(a), (b), and (c), and Section 4 of Executive Order. Dkt. No. 39. On February 28, 2025, the district court issued a written order enjoining Defendants-Appellants from: (1) enforcing or implementing Executive Order 14163 Section 3(a), (b), (c), and 4 in its entirety; (2) suspending or implementing the suspension of refugee processing, decisions, and admissions; (3) suspending or implementing the suspension of USRAP funds; and (4) withholding reimbursements to resettlement partners for USRAP-related work performed pursuant to cooperative agreements before January 20, 2025. *See* Dkt. No. 45 at 61 ("First Preliminary Injunction"). Defendants-Appellants appealed the district court's First Preliminary Injunction on March 3, 2025. Dkt. No. 46.

4

On February 26, 2025, Defendant State Department terminated all USRAP-related cooperative agreements for each of the ten national resettlement agencies, except Plaintiff CWS's cooperative agreement for operation of the Resettlement Support Center ("RSC") in Africa (which remained under a suspension notice). On March 4, 2025, the district court issued an Order granting Plaintiffs leave to file an amended complaint and a second motion for a preliminary injunction. *See* Dkt. No. 51. Plaintiffs filed a supplemental pleading adding allegations to the Complaint regarding the Defendants-Appellants' February 26, 2025 termination of USRAP-related funding as well as a supplemental motion for a preliminary injunction against the said termination on March 11, 2025. *See* Dkt. Nos. 56 and 57.

On March 8, 2025, following the district court's denial of the Government's Motion to Stay enforcement of the First Preliminary Injunction, Dkt. No. 48, the Defendants-Appellants moved this Court for a stay pending appeal of the First Preliminary Injunction. 9 Cir. Dkt. No. 5.2. On March 25, 2025, this Court stayed the district court's First Preliminary Injunction, explaining that other than preserving the status of individuals who were conditionally approved for refugee status prior to January 20, 2025, the district court's order is stayed "[i]n all other respects." 9 Cir. Dkt. No. 28.1. This Court observed that "Executive Order No. 14163 does not purport to revoke the refugee status of individuals who received that status under the United States Refugee Admissions Program prior to January 20, 2025." *Id*.

5

On March 24, 2025, the district court granted Plaintiffs' motion for a preliminary injunction on the supplemental pleadings, enjoining Defendants-Appellants, except for President Trump individually, from "enforcing or implementing any portion of Defendants-Appellants' termination of USRAP-related funding provided to resettlement partners through their cooperative agreements with the U.S. State Department, including as reflected in the Termination Notices the U.S. State Department sent to resettlement partners beginning on February 26, 2025." Dkt. No. 79 ("Second Preliminary Injunction") at 36. The court further ordered the Government to "reinstate all cooperative agreements terminated pursuant to the Termination Notices to their status as they existed before February 26, 2025" and "prohibited [Defendants-Appellants] from terminating any USRAP cooperative agreements without complying with applicable statutory requirements and administrative procedures mandated by the Administrative Procedures Act." *Id*. On March 25, 2025, Defendants-Appellants appealed the district court's Second Preliminary Injunction. Dkt. No. 80. On March 28, 2025, this Court granted Defendants-Appellants' March 26, 2025 unopposed motion to consolidate the appeals. 9 Cir. Dkt. Nos. 31.1, 31.1.

Based upon this Court's clear directive, following the district court's entry of the Second Preliminary Injunction, Defendants-Appellants asked the district court to stay the second injunction, and advised the district court of the Government's

6

view that "[a]s to funding issues, the Ninth Circuit stayed all aspects of this Court's February 25 [and 28] injunction." Dkt. No. 82 at 3. The Defendants-Appellants also asked the district court to hold the matter in abeyance pending resolution of the Government's appeal to this Court. The district court denied Defendants-Appellants' motion in its entirety on April 4, 2025. *See* Dkt. No. 92. On April 2, 2025, pursuant to the district court's Second Preliminary Injunction, the Government issued notices of intent to reinstate the terminated cooperative agreements to their status immediately before February 26. Dkt. Nos. 86-1, 86-2. Given this Court's Order staying the district court's First Preliminary Injunction, the Government stated in the notices that it intended to immediately suspend the cooperative agreements once reinstated. *Id.*[1] In response, Plaintiffs filed two motions collectively seeking to enforce the First Preliminary Injunction, which they argue the Government is violating by re-suspending the reinstated cooperative agreements. Dkt. Nos. 87 and 89.

---

[1] Because the Department of State cannot unilaterally reinstate a terminated cooperative agreement, these notices of intent to reinstate and subsequently suspend require the consent of the award recipient before the reinstatement and suspension can take effect. Parties to all thirty-one terminated cooperative agreements received these notices of intent to reinstate and subsequently suspend their awards. As of the date of this filing, award recipients have countersigned for twenty previously-terminated cooperative agreements. This includes organizational Plaintiffs CWS and HIAS, who countersigned for each of their terminated agreements. Dkt. No. 95 at 3.

Remarkably, despite the clear language of the Court's stay, the district court (and Plaintiffs) interpret this Court's March 25, 2025 Stay Order as addressing only "the President's power to impose entry restrictions under 8 U.S.C. § 1182(f)" and as "mak[ing] no comment about the APA issues also at the heart of the case." Dkt. Nos. 92 at 4, 87 at 3. Plaintiffs, through their redrafting of the Stay Order, assert that "the Ninth Circuit mandated that Defendants-Appellants continue 'refugee processing, decisions, and admissions' for individuals who were conditionally approved for refugee status at the time the [USRAP] EO was issued [.]'" Dkt. No. 87 at 4 (purportedly quoting Stay Order at 1). Yet, this Court's Order contains none of this quoted language. Nonetheless, the district ordered the Government to "continue processing, admitting, and providing resettlement support to this group of refugees[.]" Inexplicably, the district court described the Government's interpretation of the Court's March 25, 2025 Stay Order as "unsupported and false" and "simply not supported by the Ninth Circuit's actual order." *Pacito v. Trump*, Case No. 25-cv-255, 2025 WL 1017974, at *5 (W.D. Wash. Apr. 4, 2025).

## ARGUMENT

The government's reading of this Court's "all other respects" language is plainly correct. Contrary to Plaintiffs' and the district court's understanding, "all other respects" does not merely mean "those other respects that we have addressed specifically." It means, as this Court said, "all other respects." *See* "all," Meriam-

8

Webster's Collegiate Dictionary (11th ed. 2003), defined as "the whole amount, quantity, or extent."

Reading "all" to mean "less than all" is not tenable as a matter of language and is almost certainly not what this Court intended. Plaintiffs' and the district court's contrary reading flouts the plain meaning of the word "all," as well this Court's manifest intent underlying its choice of the word "all."

But if this Court did intend to enjoin only those aspects of the preliminary injunction that it addressed specifically, the government respectfully asks that this Court reconsider those unexpressed limitations on the scope of its stay for all of the reasons expressed in the government's prior stay briefing.

## **CONCLUSION**

For the reasons set forth above, this Court should grant this motion for clarification and reiterate that "all other respects" means, as this Court said, "all other respects." Because relevant proceedings concerning this issue are ongoing below, this Court should also issue an administrative stay of the district court's attempts to enforce its misinterpretation of this Court's stay order. But to the extent that this Court intended something different, it should reconsider those limitations under Circuit Rule 27-10.

On April 9, 2025, undersigned counsel contacted counsel for Plaintiffs-Appellees to seek their position on the instant motion and was informed that Plaintiffs-Appellees oppose the instant motion.

Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

ERNESTO H. MOLINA, JR.
*Deputy Director*

*/s/ Alexandra L. Yeatts*
ALEXANDRA YEATTS
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Washington, DC 20005
Phone: 202-353-5677
Email: Alexandra.yeatts@usdoj.gov

JOSEPH MCCARTER
LINDSAY ZIMLIKI
*Trial Attorneys*

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27, I certify that foregoing motion complies with the type-volume limitation because it contains 1805 words. This motion also complies with the typeface and type style requirements because it is proportionately spaced and has a 14-point Times New Roman typeface.

Dated: April 9, 2025

*/s/ Alexandra L. Yeatts*
ALEXANDRA L. YEATTS
Attorney for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, counsel for Respondents electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system and that service will be accomplished via the CM/ECF system.

Dated: April 9, 2025

*/s/ Alexandra L. Yeatts*
ALEXANDRA L. YEATTS
Attorney for Defendants-Appellants