**Perkins Coie**

Perkins Coie LLP
2525 East Camelback Road
Suite 500
Phoenix, AZ 85016

T. +1.602.351.8000
F. +1.602.648.7000
perkinscoie.com

April 10, 2025

Joel W. Nomkin
JNomkin@perkinscoie.com
D. +1.602.351.8185
F. +1.602.648.7185

**VIA CM/ECF**

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

Re: *Pacito et al. v. Trump et al.*, Case Nos. 25-1313, 25-1939

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees submit supplemental authority related to the pending Motion for Clarification of Order Granting a Stay, or, in the Alternative, Reconsideration Under Circuit Rule 27-10 filed by Defendants-Appellants (the "Government"). *See* No. 25-1313, Doc. 35; No. 25-1939, Doc. 12 ("Mot.").

The Government's pending motion asserts that its proffered interpretation of this Court's stay order of March 25, 2025, *see* No. 25-1313, Doc. 28, "is as simple as it is unassailable" and "plainly correct," Mot. 2, 8. A subsequent order from the District Court denying the Government's Motion to Reconsider Denial of Stay and Motion for an Indicative Ruling, however, confirms that "the most natural reading of the Ninth Circuit's order supports [the District] Court's interpretation, not the Government's," such that when this Court "preserved the [District Court's] First Injunction as it applies to conditionally approved refugees, it necessarily preserved the protections that give that status meaning, including continued processing and the services required to realize their admission." Order Denying Defendants' Motion to Reconsider at 3–5, *Pacito v. Trump*, No. 2:25-cv-255-JNW (W.D. Wash. Apr. 9, 2025), Doc. 104 (attached as Exhibit A).

Respectfully submitted,

*Joel W. Nomkin*

Joel W. Nomkin

JWN:jm

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAINTIFF PACITO; PLAINTIFF ESTHER; PLAINTIFF JOSEPHINE; PLAINTIFF SARA; PLAINTIFF ALYAS; PLAINTIFF MARCOS; PLAINTIFF AHMED; PLAINTIFF RACHEL; PLAINTIFF ALI; HIAS, INC.; CHURCH WORLD SERVICE, INC., and LUTHERAN COMMUNITY SERVICES NORTHWEST,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; MARCO RUBIO, in his official capacity as Secretary of State; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,<br><br>Defendants. | CASE NO. 2:25-cv-255-JNW<br><br>ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER |

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 1

This matter comes before the Court on Defendants' Motion to Reconsider Denial of Stay and Motion for an Indicative Ruling. Dkt. No. 94. Having considered the motion, the relevant record, the argument of counsel, and the applicable legal standard, the Court DENIES the motion.

This dispute arises from the Government's interpretation of the Ninth Circuit's order partially staying this Court's first preliminary injunction. A brief review of the procedural history is warranted.

On February 25, 2025, this Court issued a preliminary injunction prohibiting the Government from implementing Executive Order 14163, which suspended refugee admissions and funding for the United States Refugee Assistance Program (USRAP) ("First Injunction"). Dkt. No. 45. The Government appealed the order to the Ninth Circuit and sought a stay pending appeal. Dkt. No. 46.

On March 24, 2025, while that appeal was pending, this Court issued a second preliminary injunction ("Second Injunction") enjoining the Government from terminating its cooperative agreements with refugee resettlement organizations. Dkt. No. 79. This Second Injunction addressed agency actions taken after the First Injunction. *Id*. at 7.

A day later, on March 25, 2025, the Ninth Circuit partially stayed the First Injunction, denying the Government's request "to the extent the district court's preliminary injunction order applies to individuals who were conditionally approved for refugee status by the United States Citizenship and Immigration Services before January 20, 2025," while granting the stay "[i]n all other respects." *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 25, 2025), Dkt. No. 28.

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 2

1  Citing this partial stay, the Government moved to stay the Second
2 Injunction. Dkt. No. 82. This Court denied that motion on April 4, 2025. Dkt. No.
3 92. The Government now asks the Court to reconsider, arguing that the Court
4 misinterpreted the Ninth Circuit's order. Dkt. No. 94. According to the Government,
5 the Ninth Circuit merely preserved "conditional approval" status as a legal
6 designation while staying all aspects of the First Injunction that would require
7 processing, admissions, or funding for these individuals. *Id.* at 3–4.

8  In this district, "[m]otions for reconsideration are disfavored" and they are
9 ordinarily denied absent a showing of "manifest error in the prior ruling or a
10 showing of new facts or legal authority which could not have been brought to [the
11 court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR
12 7(h)(1). The Government has not made such a showing.

13  Interpreting an appellate court's order is not always straightforward,
14 especially when the order is brief despite many moving pieces at issue. Perhaps it is
15 not surprising that the Government interpreted the Ninth Circuit's order as it did,
16 given the order's statement that this Court's injunction was stayed "[i]n all other
17 respects." *Pacito*, No. 25-1313, Dkt. No. 28 at 2. But the most natural reading of the
18 Ninth Circuit's order supports this Court's interpretation, not the Government's.

19  Beginning with what the Ninth Circuit actually wrote, the court denied the
20 Government's stay request "to the extent the district court's preliminary injunction
21 order applies to individuals who were conditionally approved for refugee status"
22 before January 20, 2025. *Id.* at 1. That language preserves the mandates of the
23

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 3

1 First Injunction for conditionally approved refugees—not merely the abstract
2 designation of their status.
3     Context reinforces this conclusion. The Ninth Circuit explained that
4 "Executive Order No. 14163 does not purport to revoke the refugee status of
5 individuals who received that status under the United States Refugee Admissions
6 Program prior to January 20, 2025." *Id*. This rationale illuminates the Circuit
7 Court's intent: the First Injunction remains in force for conditionally approved
8 refugees *because* the Executive Order did not purport to revoke their status.
9     The Government's interpretation would reduce the Ninth Circuit's carveout
10 to just a formality. If the Circuit intended only to preserve a hollow designation
11 while permitting the Government to suspend all processing, admissions, and
12 support for conditionally approved refugees, one would expect the court to say so. It
13 did not. The better reading is that when the Ninth Circuit preserved the First
14 Injunction as it applies to conditionally approved refugees, it necessarily preserved
15 the protections that give that status meaning, including continued processing and
16 the services required to realize their admission. Otherwise, what purpose would be
17 served by recognizing the carveout in the first place? This Court declines to read the
18 Ninth Circuit's order in a manner that would render its carveout practically
19 meaningless.
20     The Court acknowledges the Government's textual argument based on the
21 phrase "in all other respects." Dkt. No. 94 at 3–4. But that phrase is most naturally
22 read as referring to all aspects of the First Injunction *not* related to conditionally
23 approved refugees. Had the Ninth Circuit intended to protect only the "conditionally

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 4

1 approved" label, as the Government suggests, without any practical effect—without
2 allowing continued processing, travel arrangements, or resettlement services for
3 these individuals—it would have said so explicitly. The Ninth Circuit could have
4 written: "The motion is denied only to the extent it would revoke conditional
5 approval designations; the preliminary injunction is stayed as to all other aspects of
6 USRAP funding, case processing, and refugee admission, including for conditionally
7 approved refugees." But that is not what the order states.

8 The Government's reliance on *Trump v. Hawaii* does not advance its position.
9 *See id.* at 4. The Ninth Circuit cited that case to explain why it was staying the
10 injunction as to future refugee applicants. *Pacito*, No. 25-1313, Dkt. No. 28 at 2. But
11 by carving out conditionally approved refugees, the court apparently determined
12 that *Trump v. Hawaii* did not justify staying the injunction as to those individuals.
13 This makes sense because the Ninth Circuit's order must be understood in light of
14 the irreparable harms this Court identified in its First Injunction order. Many
15 conditionally approved refugees had already made life-altering decisions based on
16 their approvals—selling possessions, giving up housing and employment, making
17 travel arrangements. The Ninth Circuit's carveout logically protects these
18 individuals from the most serious irreparable harms identified in this Court's
19 findings of fact.

20 Lastly, the Government also urges this Court to rethink the Second
21 Injunction given the Supreme Court's recent opinion in *Department of Education v.*
22 *California*, 604 U.S. ___ (2025). The Government's argument is unavailing, as this
23 days-old opinion announces no new rule of law that would cast doubt on this Court's

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 5

1 carefully reasoned Second Injunction order. Dkt. No. 79. Instead, it only reaffirms
2 the long-standing rule—overtly recognized by this Court, *see id*. at 9–10—that "the
3 [Administrative Procedure Act's] limited waiver of immunity does not extend to
4 orders 'to enforce a contractual obligation to pay money[.]'" *Dep't of Educ.*, 604 U.S.
5 at ___ (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U. S. 204, 212
6 (2002)). While the Supreme Court found that the district court's temporary
7 restraining order in *Department of Education v. California* was likely such an
8 order—and thus not reviewable under the APA—the same finding does not apply
9 here.

10 As this Court's Second Injunction order explained, Plaintiffs here assert
11 rights derived from statutory mandates, not contractual promises, and seek
12 equitable enforcement of statutory obligations, not contractual remedies. Dkt. No.
13 79 at 11–14. The individual refugee plaintiffs are not parties to any contract with
14 the government. *Id*. at 11. And there are serious questions about whether the Court
15 of Federal Claims even has jurisdiction to hear disputes over the grants and
16 cooperative agreements at issue here. *Id*. at 9–10.

17 While binding authority in that case, the emergency posture and limited
18 analysis make *Department of Education v. California* an inappropriate basis for
19 reconsidering the Second Injunction in this case. *See Dep't of Educ. v. California*,
20 604 U.S. at ___ (Jackson, J., dissenting) (noting the "risk of error" that "increases
21 when this Court decides cases" on its emergency docket with "barebones briefing, no
22 argument, and scarce time for reflection"); *Labrador v. Poe*, 144 S. Ct. 921, 928
23 (2024) (Kavanaugh, J., concurring) (explaining that emergency applications require

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 6

1 the Court to "assess the merits of important cases earlier and more quickly than is
2 ordinarily preferable, and to do so without the benefit of full merits briefing and
3 oral argument").

4 Accordingly, the Government's Motion for Reconsideration is denied. Dkt. No.
5 94. The Government has presented a defensible, if ultimately unpersuasive, reading
6 of the Ninth Circuit's partial stay order. But this Court must interpret that order
7 according to its most natural meaning and will not guess at what the Circuit meant
8 beyond what it wrote. The Court notes that the Government has sought clarification
9 from the Ninth Circuit regarding its stay order, which is the appropriate forum for
10 resolving any ambiguity in that court's directive. *See* Ninth Circuit Rule 27-10
11 (governing motions for reconsideration, modification, and clarification).

12 Until the Ninth Circuit provides further guidance, this Court's interpretation
13 of the stay order stands: individuals conditionally approved before January 20,
14 2025, remain protected in full by the First Injunction, meaning the Government
15 must continue processing, admitting, and providing resettlement support to them—
16 and funding USRAP partners to the extent necessary to do so— consistent with this
17 Court's previous order.

18 Dated this 9th day of April, 2025.

            Jamal N. Whitehead
            United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER - 7