

          **U.S. Department of Justice**
          Civil Division
          Office of Immigration Litigation

<u>**VIA CM/ECF**</u>                          August 27, 2025

Honorable Molly C. Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

        <u>Re:</u>   *Pacito, et al. v. Trump, et al.*, Docket No. 25-1313

Dear Ms. Dwyer:

     Defendants-Appellants write to inform the Court of the Supreme Court's recent order in *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 606 U. S. \_\_\_, No. 25A103, 2025 U.S. LEXIS 2742 (Aug. 21, 2025), granting a stay of the district court's vacatur of government terminations of various research-related grants. The Supreme Court concluded that the APA's limited waiver of sovereign immunity does not provide courts with jurisdiction "to order relief designed to enforce any obligation to pay money pursuant to those grants." *Id.* at *1 (cleaned up) (citing *Department of Ed. v. California*, 604 U.S. \_\_\_, 145 S. Ct. 966 (2025)). The Supreme Court also cautioned that—absent an appellate stay—the government would suffer irreparable harm because expended federal funds "cannot be recouped and are thus irrevocably expended." *Id.* (internal quotation marks omitted).

     Those holdings are relevant here because the Government has argued that: (1) Plaintiffs-Appellees' claims are essentially contractual claims for money judgments that should be heard by the Court of Federal Claims, Dkt. 47.1 at 30–35; and (2) the district court's injunction would inflict irreparable harm on the Government, considering the court has "refused to require a Rule 65(c) security bond," *id.* at 51. The holdings in *Nat'l Insts. of Health* support those conclusions.

As part of its order, the Supreme Court also denied the Government's request to stay judgments vacating specific agency guidance at issue in that case. *Nat'l Insts. of Health*, 2025 U.S. LEXIS 2742, at *1–2. But Justice Barrett, in a concurring opinion, acknowledged that even if the agency guidance were vacated, the district court's jurisdiction would not extend to reinstate the terminated grants. *Id.* at *4 (Barrett, J., concurring) ("Even if the guidance and grant terminations are linked, vacating the guidance does not necessarily void decisions made under it."). As Justice Barrett made clear, "plaintiffs cannot end-run that jurisdictional limit simply by packaging them with a challenge to agency guidance." *Id.* Likewise, there is no way for Plaintiffs in this case to challenge the Executive's discretionary funding-related decisions, even if other aspects of their claims were justiciable.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

DAVID KIM
*Senior Litigation Counsel*

*/s/ Jason K. Zubata*
JASON K. ZUBATA
JOSEPH A. MCCARTER
LINDSAY ZIMLIKI
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Washington, DC 20044

**CERTIFICATE OF SERVICE**

      I certify that on August 27, 2025, I filed the foregoing with the Ninth Circuit Court of Appeals by using the Court's CM/ECF system. I further certify that all party participants are members of the CM/ECF system and that the system will accomplish service of process.

                                              */s/ Jason K. Zubata*
                                              JASON K. ZUBATA
                                              *Trial Attorneys*
                                              U.S. Department of Justice
                                              Civil Division
                                              Office of Immigration Litigation