**Perkins Coie**

Perkins Coie LLP
1301 Second Avenue
Suite 4200
Seattle, WA 98101-3804

T. +1.206.359.8000
F. +1.206.359.9000
perkinscoie.com

September 2, 2025

Harry H. Schneider, Jr.
HSchneider@perkinscoie.com
D. +1.206.359.8508
F. +1.206.359.9508

**VIA CM/ECF**

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

Re: *Pacito et al. v. Trump et al.*, Case Nos. 25-1313, 25-1939
Date of Argument: September 3, 2025

Dear Ms. Dwyer:

Under Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees write regarding this Court's recent decision in *Thakur v. Trump,* __F.4th__, 2025 WL 2414835 (9th Cir. Aug. 21, 2025). The district court in *Thakur* issued a class-wide preliminary injunction ordering government agencies reinstate grants the agencies terminated *en masse* pursuant to executive orders, holding the mass terminations likely violated the APA and Constitution. *Id.* at *1-2.

In denying the government's stay motion, the Court applied long-standing precedent holding that district courts have jurisdiction over APA challenges based on statutory or constitutional rights. *Id.* at *2-3 (citing *Megapulse, Inc. v. Lewis,* 672 F.2d 959, 968 (D.C. Cir. 1982)). Because plaintiffs' claims were based on statutory rights "exist[ing] prior to and apart from" rights created under their grants and resolution did not "require analyzing the terms of any grant or contract," jurisdiction belonged in the district court. *Id* at *3. The Court rejected the government's argument (also made herein) that these were contractual claims for money judgments belonging in the Court of Federal Claims, holding that a judicial remedy requiring government payment "is not a sufficient reason to characterize the relief as money damages." *Id* at *3. Rather, it is "a mere by-product of the district court's primary function of reviewing the government's interpretation of its statutory obligations pursuant to the APA." *Id.*

The Court also held that regulations governing federal grant terminations "provide a meaningful standard" for review of an agency's decision to terminate previously allocated funds, *id* at *4, rejecting the government's argument (also made herein) that there was no law to apply to funding terminations. *See* Dkt. 97.1 at 37-38.

Further, the Court held that "the fact of executive action alone" and the obligation to disburse funds fails to tip the equities in favor of the government where plaintiffs establish significant irreparable harm from grant terminations, including "layoffs, []destruction of research projects" and injury to the public interest. *Id* at *8. Similarly here, there is an unrebutted record of

September 2, 2025
Page 2

irreparable harm and injury to public interest, including hundreds of layoffs and destruction of the refugee resettlement infrastructure. *See* ER at 29-30.

Respectfully Submitted,

*s/ Harry H. Schneider, Jr.*

Harry H. Schneider, Jr.
*Counsel for Plaintiffs-Appellees*

cc: All Counsel of Record