**Perkins Coie**

Perkins Coie LLP
1301 Second Avenue
Suite 4200
Seattle, WA 98101-3804

T. +1.206.359.8000
F. +1.206.359.9000
perkinscoie.com

September 2, 2025

Harry H. Schneider, Jr.
HSchneider@perkinscoie.com
D. +1.206.359.8508
F. +1.206.359.9508

**VIA CM/ECF**

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

Re:   *Pacito et al. v. Trump et al.*, Case Nos. 25-1313, 25-1939
        Date of Argument: September 3, 2025

Dear Ms. Dwyer:

Plaintiffs-Appellees respond to Defendants' 28(j) letter regarding *National Institutes of Health* ("*NIH*"), Dkt. 143.1, as follows:

While the Supreme Court in *NIH* stayed the district court's ruling vacating individual grant terminations, five justices held that "district courts may still exercise jurisdiction over—and vacate—grant related policies that contravene federal law." *NIH* at 9 (Jackson, J.). Here, Plaintiffs challenged Defendants' overnight policy decision to terminate the reception and placement program and eliminate refugee case processing nearly globally—effectuated by across-the-board termination of underlying agreements. *See* ER 19, 27.

Moreover, *NIH's* stay is distinguishable. There, five justices held the Court of Federal Claims had exclusive jurisdiction over grant terminations. *See NIH* at 2; *id.* at 5 (Kavanaugh, J.). Here, individual plaintiffs are not parties to the agreements, SER 48-49, organizational plaintiffs' cooperative agreements are presumptively not contracts within the meaning of the Tucker Act, ER 11-12. This Court's precedent is clear: "[t]here cannot be exclusive jurisdiction under the Tucker Act if there is no jurisdiction under the Tucker Act." *Community Legal Services in East Palo Alto v. United States Department of Health and Human Services*, 137 F.4th 932, 939 (9th Cir. 2025). To hold otherwise would leave plaintiffs with no forum to challenge damaging agency actions, raising due process issues unaddressed in *NIH*, and contravening the principle that complete jurisdictional preclusion requires express indication from Congress. *See, e.g., McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496 (1981).

And whereas in *NIH*, the "core of plaintiffs' suit allege[d] that the Government unlawfully terminated their grants," *NIH* at 5 (Kavanaugh, J.), here the core of Plaintiffs' suit is that Defendants have unlawfully ended the U.S. Refugee Admissions Program in violation of the Refugee Act, and the unrebutted record demonstrates that Defendants cannot meet their statutory obligations without restoring the status quo ante, ER 19, 21-23, 30, 34.

September 2, 2025
Page 2

Finally, *NIH* does not support Defendants' claim that the equities tip in their favor. Under the cooperative agreements, agencies primarily receive funds through periodic reimbursement requests based on refugees served—countering Defendants' argument of harm from upfront expenditures. *See* ER 151; 543; 1016-1017; 1034-35.

Respectfully Submitted,

*s/ Harry H. Schneider, Jr.*

Harry H. Schneider, Jr.
*Counsel for Plaintiffs-Appellees*

cc: All Counsel of Record