

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation

---

**VIA CM/ECF**  September 5, 2025

Honorable Molly C. Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

    Re:    *Pacito, et al. v. Trump, et al.*, Case Nos. 25-1313/1939
            Defendants' Response to Plaintiffs' Sept. 2, 2025 Rule 28(j) Letter
            (Dkt. No. 144)

Dear Ms. Dwyer:

    This Court's stay order in *Thakur v. Trump*, 2025 WL 2414835 (9th Cir. Aug. 21, 2025), does not support the district court's injunction vacating the termination of cooperative agreements.

    *First*, just hours after *Thakur* was issued, the Supreme Court decided *National Institutes of Health v. American Public Health Association*, 2025 WL 2415669 (Aug. 21, 2025), in which it rejected the rationale adopted in *Thakur*. The government has since moved for reconsideration of *Thakur*. This Court should follow *NIH*, not *Thakur*.

    *Second*, insofar as Plaintiffs respond that cooperative agreements are not covered by the Tucker Act, that is overstated. Cooperative agreements fall within the Tucker Act when they include contract elements, as these agreements do. *See Vera Inst. of Just. v. U.S. Dep't of Just.*, 2025 WL 1865160, at *10–11 (D.D.C. July 7, 2025). Regardless, Plaintiffs' brief reference to this issue without authority (Answering Br. 53) does not preserve this argument.

    *Third,* insofar as Plaintiffs argue the Tucker Act would not preclude claims by individual recipients of resettlement support, that does not help them. Plaintiff Ali, the only named plaintiff with standing to raise this particular claim, has received

benefits, rendering the issue moot. Dkt. No. 106 at 6–7. And even if there were other plaintiffs entitled to resettlement support, the only appropriate relief would be an injunction to ensure such support is provided—not reinstatement of all contracts. To be sure, the State Department has historically used cooperative agreements to administer resettlement and placement benefits, has continued to do so following the injunction, and may choose to continue doing so regardless of the outcome of this appeal. *Id.* But those benefits, to the extent mandated by statute, could be provided in other ways (e.g., agreements with other entities). Of note, certain resettlement benefits under § 1522 (including cash, medical assistance, and up to five years of refugee support services) are administered by the Department of Health and Human Services, were never terminated, and are not affected by this appeal. There is thus no basis to infer that only reinstatement of the organizational plaintiffs' agreements would provide complete relief.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

*/s/ David Kim*
DAVID KIM
*Senior Litigation Counsel*

JASON K. ZUBATA
JOSEPH A. MCCARTER
LINDSAY ZIMLIKI
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Washington, DC 20044

## **CERTIFICATE OF SERVICE**

I certify that on September 5, 2025, I filed the foregoing with the Ninth Circuit Court of Appeals by using the Court's CM/ECF system. I further certify that all party participants are members of the CM/ECF system and that the system will accomplish service of process.

                                                */s/ David Kim*
                                                DAVID KIM
                                                Senior Litigation Counsel
                                                U.S. Department of Justice
                                                Civil Division
                                                Office of Immigration Litigation